**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| SCOTT D. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:25-CV-572-PPS-JEM |
| | ) |
| BENJAMIN BALLOU, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is an action stemming from an Indiana probate proceeding.  Pro se Plaintiff, an heir to the Estate of Judith A. Phillips, seems to take issue with the fact that when he refused to sign certain documents in the state probate proceeding (indicating he wished the probate proceeding to be "supervised"), it nevertheless proceeded as "unsupervised," and Plaintiff claims his "heir buyout request" was ignored.  He alleges some type of procedural deprivation, although the specifics of his grievance are pretty unclear.  Defendants Christy Such (the Estate representative), Benjamin T. Ballou (an attorney who represented Such) and Ballou Law, LLC (the law firm), have moved to dismiss the two claims against them under Federal Rule of Civil Procedure Rule 12(b)(1) and 12(b)(6), largely on the basis that those counts alleging a violation under 42 U.S.C. § 1983 fail because there are no plausible allegations that the defendants acted under color of state law.  Defendants' argument has merit and therefore the motion to dismiss will be granted.

**Background**

This case actually started in the District of Arizona when Phillips filed his "Verified Civil Complaint for Declaratory, Injunctive, and Monetary Relief (Federal Civil Rights/RICO/Due Process/Fraud)"on October 15, 2025." [DE 1.]  That Court transferred the action to me on December 23, 2025. [DE 12.] Plaintiff received leave to file an amended complaint, and filed his first amended complaint on February 11, 2026. [DE 27.]

Two weeks later, the moving defendants, Benjamin T. Ballou, Ballou Law, LLC, and Christy Such, filed their motion to dismiss the amended complaint. [DE 30.]

The facts of this case are a little confusing.  Plaintiff alleges he is an heir/beneficiary of the Estate of Judith A. Phillips.  [DE 27 at 2.]  Defendant Christy Such served as a personal representative of the Estate. *Id.*  Defendant Benjamin T. Ballou is an attorney who "acted as counsel in connection with the Estate" and Defendant Ballou Law LLC is "a law firm entity through which Ballou acted." [*Id.* at 3.]

This lawsuit arises from the Indiana unsupervised estate case pending in Jasper County, Indiana Circuit Court, captioned In Re: the Estate of Judith Phillips, Cause No. 37-C01-2509-EU-1136.  (Odyssey public docket, last viewed April 15, 2026.) That docket indicates that the estate was closed on March 5, 2026, although Plaintiff has attempted to appeal some of the rulings.  I note that on December 15, 2025, Jasper County Circuit Judge Emily S. Waddle made a docket entry stating as follows: "Hearing held. The Previous Order to Stay shall remain in full force and effect.  Mr. Phillips fails to appear

and has had notice of the hearing scheduled this date; therefore, any motions pending for Mr. Phillips [are] hereby overruled and denied. Mr. Phillips continuous filings of frivolous motions is [an] egregious abuse of process. Further, the Court will not allow an heir to harass another heir. (Attorney Baillou to prepare and submit proposed order)."

Phillips' amended complaint contains three counts: Count I is captioned as a "42 U.S.C. 1983 Fourteenth Amendment Procedural Due Process" Claim against all Defendants; Count II is captioned as a "42 U.S.C. § 1983 First Amendment Retaliation/Denial of Access to Courts" against all Defendants; and Count III is a Monell claim under 42 U.S.C. section 1983 against Defendant Lake County (who has not moved to dismiss the claim against it).[1]

From my standpoint, it is a little frustrating that the moving Defendants did not explain the factual background of this case (after all, they were present for the state probate case), but I suppose that is not their job. When looking at the allegations in the amended complaint, it seems that in the underlying case involving probate of Phillips' mother's will, Plaintiff wanted the estate to proceed as supervised and did not consent to an unsupervised posture but it nevertheless proceeded as unsupervised, his heir

---

[1] Marissa McDermott and Lake County Indiana were also named as defendants in this case but are not part of this motion to dismiss. Pro se plaintiff had some issues serving these defendants. Magistrate Judge John E. Martin ordered Plaintiff to serve these defendants by 2/26/26 and file proof of service by 5/12/26. [DE 29.]

buyout request was ignored and not meaningfully heard, and he claims he was denied certain procedural hearings and procedural due process.

### Discussion

Defendants have move to dismiss the amended complaint under both Federal Rule of Civil Procedure Rules 12(b)(1) and (6).  In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements.  *See Iqbal*, 556 U.S. at 678.  Plaintiffs must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Finally, "a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'tests the sufficiency of the complaint, not the merits of the case.'" *Tarzian v. Kraft Heinz Foods Co.*, No. 18 C 7148, 2019 WL 5064732, at *2 (N.D. Ill. Oct. 9, 2019) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012)).  Also, I am mindful that a document "filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

4

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and internal citations omitted).

When evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), I must use the same "plausibility" standard; therefore, I must accept alleged factual matters as true and draw all reasonable inferences in favor of Plaintiff. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). Plaintiffs bear the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

Cutting right to the chase - Counts I and II must be dismissed under Rule 12(b)(6) against the moving Defendants because there is no plausible claim under 42 U.S.C. § 1983 - none of these defendants were acting "under color of state law." "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Speigel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citations omitted).

This exact issue has been dealt with head-on by the Seventh Circuit, which directly considered whether a court-appointed estate administrator is a state actor. *Loyd v. Loyd*, 731 F.2d 393 (7th Cir. 1984). The Seventh Circuit expressed its shock at the possibility of that argument, ruling "[i]t occurs to us that the acts of a personal

5

representative of an estate in probate proceedings are so bar beyond the pale that no one [except the plaintiff] has deigned to seek to expand the cope of section 1983 to this probate situation." *Id.* at 398.  The Seventh Circuit analogized the role of a court-appointed estate administrator to that of a court-appointed attorney: an individual "appointed by the court and . . . acting pursuant to general authority inherent in the appointment and specific authority in the direction of individual administration acts." *Id.*  It then relied upon the Supreme Court's holding in *Polk County v. Dodson*, in which the Court held that court-appointed lawyers are not "state actor[s] 'under color of state law' within the meaning of § 1983."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).

Thus, the fact that the alleged actions occurred in conjunction with a court proceeding and that Such was appointed by the court as a personal representative for the estate is not sufficient to plausibly render any of these defendants a state actor under section 1983.  *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010).  There are no allegations that either Such (the Estate representative), or Benjamin Ballou (her attorney), or the law firm Ballou Law LLC acted in any capacity other than private actors in a probate dispute.

One last note.  I do recognize that the Seventh Circuit has instructed when a plaintiff's complaint (or claims) are dismissed under Rule 12(b)(6) the general rule is to give at least one opportunity to amend the complaint before the action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015).  While this court typically allows plaintiffs the opportunity to replead,

*see Luevano v. Wal-Mart Stores, Inc*, 722 F.3d 1014, 1022 (7th Cir. 2013), it seems futile in this case.  Much of the relief Phillips seeks appears beyond this court's jurisdiction.  Federal courts lack jurisdiction over probate matters.  *Marshall v. Marshall*, 547 U.S. 293 (2006); *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006).  Under what has become known as the "probate exception." state courts alone have the power to consider the challenges to the validity of wills, or dispose of estate property, or otherwise administer probate estates.  *Marshall*, 547 U.S. at 311-12.  Additionally, to the extent the amended complaint seeks to undo any state court probate rulings, that would be barred under the *Rooker-Feldman* doctrine.  *See Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014) ("The *Rooker-Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court.").

### Conclusion

For all of these reasons, Defendants' Benjamin T. Ballou, Ballou Law, LLC, and Christy Such's Motion to Dismiss Amended Complaint [DE 30] is GRANTED.  Counts I and II are DISMISSED WITH PREJUDICE as to Defendants Benjamin T. Ballou, Ballou Law, LLC, and Christy Such.  This case REMAINS PENDING against Defendants Marissa McDermott and Lake County Indiana.

SO ORDERED.

ENTERED: April 15, 2026.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT